UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILLIP CHARLES HOCKENBERRY,

         Plaintiff,         CIV. S-03-1160-PAN

    v.

JO ANNE B. BARNHART,         Memorandum of Decision
Commissioner of Social
Security,

         Defendants.

—o○o—

    Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

    If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found plaintiff was eligible, suffered from a broken left clavical bone, a "severe" impairment, but not severe enough to meet or medically equal a listed impairment, that plaintiff's other alleged impairments were not severe, that plaintiff could not perform his past work but retained the capacity for simple, unskilled light work and considering his youthful age and education the medical-vocational guidelines required a finding that he is not disabled.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a

mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance.  <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

     Plaintiff claims defendant erred in finding that plaintiff's arthritis, psoriasis, degenerative disk disease and damaged rotator cuffs were not severe impairments and therefore failed to consider the combined effect of all plaintiff's impairments; erred in finding that plaintiff can perform any sustained work; failed to obtain expert vocational evidence to consider the effect of plaintiff's non-exertional limitations; gave inadequate weight to the opinion of plaintiff's treating physician, and wrongfully discredited plaintiff's subjective complaints.

An impairment may be found "not severe" only when the medical evidence establishes only a "slight abnormality" or a combination of slight abnormalities that would have no more than "minimal effect" on a person's capacity to work.  See SSR 85-28. Though any one impairment may have no more than a minimal effect on a person's ability to work, the possibility of several such impairments combining to produce a severe impairment must be considered.  Id.

The record contains no adequate explanation why defendant concluded that arthritis, degenerative disk disease and damaged rotator cuffs did not combine to impose a severe impairment.  The other issues cannot be thoughtfully considered without first addressing this error.

The decision denying benefits is reversed and remanded for further proceedings.

Dated:  May 2, 2005.

                                                  /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge